FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2011 JUL 25 PM 3: 25

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JONATHAN CORNELIUS GLENN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 111-075 |
| | ) | |
| RONALD STRENGTH, Sheriff, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at the Augusta-Richmond County Law Enforcement Center in Augusta, Georgia, filed the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). The claims in Plaintiff's complaint concern his medical care and the conditions of his confinement, including alleged overcrowding, as well as a purported altercation with another inmate. (See doc. no. 1.) Because Plaintiff has not yet paid the initial fee imposed in the Court's Order of June 27, 2011, the Court has not yet screened Plaintiff's complaint pursuant to the IFP statute to determine which, if any, claims are viable and which, if any, Defendants should be served with a copy of the complaint. See 28 U.S.C. § 1915A. The matter is presently before the Court on Plaintiff's "Motion Objecting to Richmond County Jail Revision to the Inmate Handbook Manual" and motion for a preliminary injunction.[1] (Doc. nos. 6, 7.) Despite the

---

[1]Both of these motions concern Plaintiff's access to legal materials and the law library at the place of his confinement, and both motions appear to seek preliminary injunctive relief regarding this issue. (See generally doc. nos. 6, 7.) Accordingly, the Court will consider

fact that the Plaintiff's complaint has not yet been screened, the Court finds it appropriate to rule on Plaintiff's motions for preliminary injunctive relief without further delay.[2]

In the instant motions, Plaintiff asserts that the law library at the facility where he is incarcerated does not afford him sufficient access to legal materials. (See doc. nos. 6, 7.) In addition, Plaintiff complains that, unlike in Richmond County, inmates in nearby Columbia County are given access to proper library facilities. (Doc. no. 7, pp. 1, 3.) He also asserts that the Augusta-Richmond County Law Enforcement Center "is revising the inmate's handbook manual . . . so that inmates are deprived of their constitutional right to the law library or legal assistance." (Doc. no. 6, p. 1.) Though his motions do not specify the relief sought, Plaintiff appears to seek a Court Order requiring the Augusta-Richmond County Law Enforcement Center to provide its inmates with "a sufficient amount of time to research their 'discovery' with updated law books and computers." (Doc. no. 7, p. 3.)

A party moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d

---

these motions together, taking into account the contentions set forth in both filings in determining whether Plaintiff is entitled to preliminary injunctive relief.

[2]Additionally, the Court notes that Plaintiff has filed a motion to voluntarily dismiss this case without prejudice, conditioned on a request to be exempted from the filing fee in this action. (Doc. no. 9.) That motion has been addressed in a simultaneously issued Order.

1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson County, 720 F.2d. 1511, 1519 (11th Cir. 1988)).

Here, Plaintiff has not addressed any of the four requirements for obtaining injunctive relief, much less met his burden of persuasion as to those requirements. Plaintiff has offered nothing to suggest a likelihood of success on the merits of his claims, which primarily concern his medical care and his conditions of confinement, and have nothing to do with access to legal materials or the courts. (See doc. no. 1.) Additionally, Plaintiff has failed to establish that, if the injunction is not granted, there is a substantial threat that he will suffer irreparable injury. In order to satisfy the irreparable injury requirement, Plaintiff must show that the threat of injury is "neither remote nor speculative, but actual and imminent." Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 973 (2d Cir. 1989)); see also Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (noting that, in order to obtain injunctive relief, a plaintiff must show "a real and immediate – as opposed to a merely conjectural or hypothetical – threat of *future* injury."). Here, Plaintiff has not identified any injury, imminent or otherwise, that he is likely to sustain if he is not granted the degree of access to legal materials and legal assistance that he seeks in the instant motions.

As for the final two elements of the preliminary injunction inquiry, Plaintiff has offered nothing to suggest that any threatened injury to the movant outweighs the damage

the proposed injunction may cause the opposing party or that the proposed injunction would not be adverse to the public interest. He has therefore failed to satisfy these elements, especially since federal courts should refrain from unwarranted interference in the day-to-day operations of state prisons. See Prieser v. Rodriguez, 411 U.S. 475, 491-92 (1973). In sum, Plaintiff has not satisfied the requisite elements for a preliminary injunction.

For these reasons, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's "Motion Objecting to Richmond County Jail Revision to the Inmate Handbook Manual" and motion for a preliminary injunction be **DENIED**. (Doc. nos. 6, 7.)

SO REPORTED and RECOMMENDED this 25th day of July, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE