FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2011 NOV 18 A 8: 33
CLERK J Button
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JONATHAN CORNELIUS GLENN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 111-075 |
| | ) | |
| RONALD STRENGTH, Sheriff, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

Plaintiff, an inmate at Georgia Diagnostic and Classification State Prison in Jackson, Georgia, has submitted to the Court for filing a complaint brought pursuant to 42 U.S.C. § 1983.[1] Because he is proceeding *in forma pauperis*, Plaintiff's complaint must be screened to protect potential defendants.[2] Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof,

---

[1] The events forming the basis of Plaintiff's complaint occurred while he was incarcerated at the Richmond County Jail ("the Jail") in Augusta, Georgia. (Doc. no. 1, p. 3.)

[2] As an initial matter, given that Plaintiff has filed an interlocutory appeal regarding the denial of his request for a preliminary injunction, the Court must address whether it retains jurisdiction over Plaintiff's complaint. It does. See, e.g., State of Alabama v. Envtl. Prot. Agency, 871 F.2d 1548, 1553-54 (11th Cir. 1989) (holding district court retained jurisdiction to grant summary judgment and to dismiss suit despite pending interlocutory appeal of district court's issuance of preliminary injunction) (citing United States v. White, 846 F.2d 678, 693 n.23 (11th Cir. 1988) (explaining that pending interlocutory appeal did not divest district court of jurisdiction over motion to dismiss indictment)); Hamer v. Campbell 358 F.2d 215, 223 (5th Cir. 1966) (holding that denial of preliminary injunction and filing of interlocutory appeal did not divest district court of jurisdiction over supplemental complaint) (quoting United States v. Lynd, 321 F.3d 26, 28 (5th Cir. 1963) ("[A]n appeal from the denial or granting of a preliminary injunction should not ordinarily delay the final trial of the case on its merits.")).

that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

## I. BACKGROUND

*Liberally* construing Plaintiff's complaint, the Court finds that Plaintiff names the following Defendants: (1) Sheriff Ronald Strength, (2) Sergeant West, (3) the medical nurses at the Jail, and (4) Captain Reeves, who Plaintiff identifies as a grievance coordinator at the Jail. (Doc. no. 1, p. 1.)

Plaintiff alleges that on April 10, 2011, due to overcrowding in the Jail, there were thirty to forty inmates sleeping on the floor where Plaintiff was housed. (Id. at 7, 9.) Because of these conditions, Plaintiff alleges that he accidentally stepped on the foot another inmate who was lying on the floor. (Id. at 5, 7, 9.) Plaintiff states that he was beaten in response, but was denied medical attention for his subsequent injuries. (Id. at 5.) Plaintiff alleges that he was "seen by Medical" several weeks later, on May 16, 2011, but the nurses there still refused to give him medical attention for his injuries. (Id.) Plaintiff alleges that Defendant Strength is responsible for the overcrowded conditions in the Jail and that he does not protect inmates from the hazards of overcrowding. (Id.)

Plaintiff alleges that he filed several grievances relating to the altercation, but that Defendant Reeves "neglect[ed] his responsibilities." (Id.) Plaintiff further alleges that Defendants West and Reeves did not thoroughly investigate the altercation with the other inmate and dismissed it as a "gang-related" incident. (Id.)

## II. DISCUSSION

### A. Claims Regarding General Conditions at the Jail

Plaintiff's claim concerning the overcrowding in the Jail is vague and conclusory and

therefore is not sufficient to state a claim. See Taylor v. Singletary, 148 F.3d 1276, 1285 (11th Cir. 1998) (noting that a "bare, conclusory allegation . . . is insufficient, without more, to warrant further evidentiary consideration"). To the extent that Plaintiff argues that he has been forced to sleep on the floor as an argument in support of his conditions of confinement claim, this claim fails. Although Plaintiff may argue that he had an absolute right to bedding, no such right exists. Williams v. Delo, 49 F.3d 442, 446 (8th Cir. 1995). More generally, it should also be noted that short periods of incarceration in unsanitary conditions are generally insufficient to evidence an Eighth Amendment violation. See, e.g., Harris v. Fleming, 839 F.2d 1232, 1235 (7th Cir. 1988) (depriving prisoner of toilet paper, soap, toothpaste and toothbrush while keeping him in filthy, roach-infested cell for a period of several days was not a constitutional violation). Here, Plaintiff has not proffered any facts that overcrowding at the Jail deprived him of "the minimal civilized measure of life's necessities." See Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) (noting that the fact that the plaintiff had to sleep upon a mattress on the floor or on a table is not necessarily a constitutional violation).

Moreover, to the extent that Plaintiff is referring to some other safety argument, he has failed to state a claim upon which relief can be granted. It is true that the Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement. Accordingly, a prison inmate has a constitutional right to be protected from violence and from physical assault by other inmates. Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984) (*per curiam*); Gullatte v. Potts, 654 F.2d 1007, 1012 (5th Cir. Unit B Aug. 1981). However, in order to state a viable claim concerning a constitutional right to be protected from violence and from physical assault by other inmates, the Eleventh Circuit requires, among other things, that

3

Defendants have knowledge of a particular threat or fear felt by the plaintiff. Rodriguez v. Sec'y for the Dep't of Corr., 508 F.3d 611, 617 (11th Cir. 2007) (noting that an Eighth Amendment violation will occur when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk); Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003) (*per curiam*) (same). Furthermore, "merely negligent failure to protect an inmate from attack does not justify liability under § 1983." Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990). Stated another way, "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." Farmer v. Brennan, 511 U.S. 825, 828 (1994).

Here, while Plaintiff states that Defendant Strength is responsible for the conditions of the Jail, he has not set forth allegations suggesting that Defendant Strength was subjectively aware of any risk that Plaintiff would be assaulted. See Brown, 894 F.2d at 1537 (no liability for failure to protect an inmate where there was nothing to show "that any defendant was aware or should have been aware of a strong likelihood that the inmate] would be assaulted"). In other words, nothing in Plaintiff's complaint indicates that Defendant Strength knew that Plaintiff's assailant might assault Plaintiff if Plaintiff tripped over him. It is therefore apparent from Plaintiff's complaint that he seeks to hold Defendant Strength liable for his failure to take actions to protect Plaintiff from a risk of which he was unaware. Stated otherwise, Plaintiff's claim against Defendant Strength is premised on the theory that he was negligent in performing his duty to provide security in the area where Plaintiff was attacked. However, jail officials cannot be liable for an assault by another inmate under § 1983 when they are not subjectively aware of any risk and their alleged failure to protect is the result of mere negligence. See

4

Carter, 352 F.3d at 1349-50. Accordingly, Plaintiff has failed to state a § 1983 claim for failure to provide protection from an assault by another inmate.

### B. Failure to State a Claim Regarding Grievance Procedure

Plaintiff's claim that Defendants West and Reeves mishandled his grievances also fails to state a claim upon which relief can be granted. Under Eleventh Circuit law, "an inmate has no constitutionally-protected liberty interest in access to [a prison grievance] procedure." Bingham v. Thomas, 654 F.3d 1171, 1177 (11th Cir. 2011). Therefore, Plaintiff's allegations regarding Defendants West and Reeves' purported mishandling of his grievance fail to state a § 1983 claim upon which relief may be granted. See id.; see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner. . . . A state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate."); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); Ouzts v. Cummins, 825 F.2d 1276, 1278 (8th Cir. 1987) (failure to respond to grievance does not constitute a due process violation); Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982) (failure to process plaintiff's grievances is not actionable under § 1983). Therefore, Plaintiff's claim concerning the alleged mishandling of his grievances fails to state a claim upon which relief may be granted and should be dismissed.

### C. Failure to State a Claim Against Medical Nurses

Plaintiff fails to state a claim against the medical nurses at the Jail because he has failed to associate any individual acting under color of state law with an alleged constitutional deprivation. "Section 1983 requires proof of an affirmative causal connection between the

actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). Here, Plaintiff simply states that he was seen "by Medical by nurses" many weeks after an altercation with another inmate and that he did not receive treatment at that time. However, Plaintiff does not name any specific individual at the Jail in connection with this alleged constitutional deprivation. In the absence of an allegation of any such connection between a particular named Defendant with the alleged unconstitutional deprivation, Plaintiff fails to state a claim for relief regarding his lack of medical treatment at the Jail.

## III. CONCLUSION

Accordingly, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief can be granted and that his case be **CLOSED**.

SO REPORTED and RECOMMENDED this 8th day of November, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE